

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Christine Lepera
A Professional Corporation
(917) 546-7703 Phone
(917) 546-7673 Fax
ctl@msk.com

August 30, 2022

Hon. Katherine Polk Failla, U.S.D.J.
40 Foley Square
New York, NY 10007

**Re:    Larball Publishing Company, Inc., et al. v. Dua Lipa, et al., Case No. 22-cv-1872 – Motion to Dismiss Plaintiffs' Complaint**

Dear Judge Failla:

We are counsel for Defendants Dua Lipa, Clarence Coffee, Jr., Sarah Hudson, Stephen Kozmeniuk, Sony Music Publishing (US) LLC, Universal Music Corporation and Warner Records Inc. (together, "Defendants").  Defendants request a conference in advance of filing their Rule 12(b)(6) Motion to Dismiss; this is relief to which Plaintiffs do not consent.

This is an action for alleged copyright infringement.  The Complaint alleges Dua Lipa's "2020 song 'Levitating' and its remix 'Levitating (Da Baby)' [(collectively, 'Levitating')] are substantially similar to and infringe upon Plaintiffs' copyrighted work."  *Id.* ¶ 1.  It also alleges the authors of "Levitating" copied "compositional elements substantially similar to those of" the compositions "Wiggle and Giggle All Night," recorded by Cory Daye in *1979* ("Wiggle") and "Don Diablo," recorded by Miguel Bosé in *1980* (together, the "LS Compositions").  *Id.* ¶¶ 2-3.

The "Levitating" writers never heard the LS Compositions.  The alleged similarities—a descending scale in which each pitch is repeated on evenly spaced notes[1], and a common clave rhythm—are unprotectible, and the result of the coincidental use of basic musical building blocks.  But the Court need not reach these matters, because the Complaint fails to state a claim.[2]

### ARGUMENT

A pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

To allege copyright infringement, a complaint "must generally plead (1) the specific original works [that] are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights were registered in accordance with 17 U.S.C. § 411; and (4) the acts by which … the defendant infringed the copyright."  *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 554 (S.D.N.Y. 2018).  With respect to the fourth element, a plaintiff must

---

[1] In the seminal decision in *Gray v. Hudson*, 28 F.4th 87 (9th Cir. 2022), the Court held that a descending scale in which pitches are repeated on evenly spaced notes is not protectible.

[2] Certain Defendants are considering moving to dismiss on personal jurisdictional grounds and reserve all rights as to same.



Hon. Katherine Polk Failla, U.S.D.J.
August 30, 2022
Page 2

plausibly allege: "[a] the defendant has actually copied the plaintiff's work; and … [b] the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's."  *Reece v. Marc Ecko Unltd.*, 2011 WL 4112071, at *6 (S.D.N.Y. Aug. 19, 2011), *report adopted*, 2011 WL 4069637 (S.D.N.Y. Sept. 9, 2011) (citing *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57, 63 (2d Cir. 2010)).

Here, the Complaint fails under *Iqbal* for at least two separate reasons.  *First*, the Complaint fails to plead plausible facts establishing that the authors of "Levitating" copied the LS Compositions.  *Second*, the Complaint fails to plead plausible facts that, if true, would establish "Don Diablo" was properly registered prior to suit or is exempt from registration.

**A. The Complaint Fails to Plausibly Plead the Essential Element of Copying**

"[A]bsent copying, there can be no infringement of copyright …."  2 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 8.01[A] (2022).  Copying is shown by: (1) direct evidence of copying or (2) circumstantial evidence that the defendants had access to the plaintiff's work, plus similarities probative of copying.  *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d. Cir. 2003).  Circumstantial evidence means "a particular chain of events" demonstrating the defendant's access, *Tomasini v. Walt Disney Co.*, 84 F. Supp. 2d 516, 519 (S.D.N.Y. 2000), or facts indicating wide dissemination of the plaintiff's work, such that access can be inferred, *Webb v. Stallone*, 910 F. Supp. 2d 681, 686 (S.D.N.Y. 2012).  The Complaint does not allege any direct evidence of copying.  While Plaintiffs do attempt to plead access, these allegations also fail because, *inter alia*, Plaintiffs improperly conflate purported access to "Wiggle" with purported access to "Don Diablo."

*First*, the Complaint fails to plausibly allege a particular chain of events leading to access.  Instead, the Complaint alleges that "Wiggle" and "Don Diablo" were both "published by labels that are now under Sony's umbrella," and that one of the publishers of "Levitating" is a Sony-affiliated company, Sony Music Publishing (US) LLC.  However, "[b]are corporate receipt of [plaintiffs'] work, without any allegation of a nexus between the recipients and the alleged infringers, is insufficient to raise a triable issue of access."  *Jorgensen*, 351 F. 3d at 53.

*Second*, the Complaint fails to allege wide dissemination of "Wiggle" and "Don Diablo." In order to plead wide dissemination, the plaintiff must allege its work "*saturat[ed]* a relevant market *in which both the plaintiff and the defendant participate[d]*."  *Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016) (emphasis added).  The Complaint is devoid of such allegations. With respect to "Wiggle," the Complaint merely alleges it achieved certain success in the Netherlands four decades ago.  This does not establish "saturation," and there is no allegation that the songwriters of "Levitating" were in the Netherlands—or, indeed, had even been born— at that time.  With respect to "Don Diablo," the Complaint alleges it has been performed at certain times in Latin America; again, these allegations do not establish "saturation" or that the "Levitating" writers participated in the Latin American market at the relevant times.  *McRae v. Smith*, 968 F. Supp. 559, 563 (D. Co. 1997) (performances in Colorado and Wyoming insufficient to establish access where defendants were not in those States at the time).



*Third*, the Complaint alleges Defendants purportedly had access to "Wiggle" and "Don Diablo" because they both "can be found on popular streaming services." However, there are many ***millions*** of musical recordings available on "streaming services," and the mere availability of recordings on those services does ***not*** establish wide dissemination. "As a matter of law, the fact that [a work is] posted on the internet is insufficient on its own to show 'wide dissemination.'" *Clanton v. UMG Recs., Inc.*, 556 F. Supp. 3d 322, 328 (S.D.N.Y. 2021).

### B. The Complaint Fails to Plead "Don Diablo" Is Registered or Exempt from Registration

The Complaint fails to state a claim for infringement of "Don Diablo" because it does not allege "Don Diablo" was registered with the U.S. Copyright Office prior to the commencement of suit; nor does it allege "Don Diablo" falls within an exception to the registration requirement.

Under Section 411 of the U.S. Copyright Act, copyright registration is a "precondition to filing a claim" for copyright infringement for any "United States work." *Hartmann v. Google LLC*, 2022 WL 684137, at *5 (S.D.N.Y. Mar. 8, 2022) (citing *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010)). Thus, a complaint must either plead "that the copyrights were registered" or "allege exemption from § 411's registration requirement" on the basis that the allegedly infringed works at issue are not "United States works." *DigitAlb*, 284 F. Supp. 3d at 554 (dismissing copyright infringement claim for failing to comply with this very pleading requirement). A complaint that fails to do so must be dismissed. *See*, *e.g.*, *id.*; *Swift Harvest USA, LLC v. Boley Int'l HK Ltd.*, 2020 WL 7380148, at *10 (C.D. Cal. Sept. 22, 2020); *UAB "Planner 5D" v. Facebook, Inc.*, 2019 WL 6219223, at *7 (N.D. Cal. Nov. 21, 2019); *Gajo v. Chicago Brand*, 2017 WL 2473142, at *2 (N.D. Cal. June 8, 2017).

Under Section 101 of the U.S. Copyright Act, "United States works" are defined as: (1) works first published in the United States; (2) works first published "simultaneously in the United States and another treaty party or parties whose law grants a term of copyright protection" as long or longer than that provided in the United States; (3) works first published simultaneously in the United States and a foreign nation that is not a treaty party; or (4) works first published in a foreign nation that is not a treaty party" where all of the authors of the work are "nationals, domiciliaries, or habitual residents" of the United States. 17 U.S.C. § 101.

Here, the Complaint fails to plead that the copyright in the composition "Don Diablo" was registered. And the Complaint fails to allege facts that would establish that "Don Diablo" is exempt from Section 411's registration requirement as a non-"United States work." Instead, the Complaint insufficiently alleges in ¶ 31 that "'Don Diablo' was published in Spain in 1980 by Discos CBS, S.A. … 'Don Diablo' and its derivative works were subsequently distributed in more than dozen [*sic*] countries including the United States." Critically, however, **the Complaint fails to allege in which nation "Don Diablo" was *first* published (let alone how or when that publication occurred)**, or whether "Don Diablo" was simultaneously published in any other nation. Nor does the Complaint allege the nationality of the "Don Diablo" authors (indeed, it does not even allege their names). Thus, the Complaint does not establish "Don Diablo" is a non-"United States work" exempt from the registration requirement.



Hon. Katherine Polk Failla, U.S.D.J.
August 30, 2022
Page 4

Respectfully,

/s/ Christine Lepera

Christine Lepera
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

CTL/sml