| | |
|---|---|
| 1 | BOSCO KANTE (Plaintiff in Pro Per) |
| 2 | 4400 Keller Ave. Ste 140 PMB 118<br>Oakland, CA 94605<br>323-481-7372 (phone) |
| 3 | bosko@electrospit.com |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| 6 | LARBALL PUBLISHING COMPANY, INC. AND | Case No.: 22-cv-1872-KPF |
| 7 | SANDY LINZER PRODUCTIONS, INC., | **DEFENDANT BOSCO KANTE'S REQUEST FOR CONFERENCE AND LETTER RE: MOTION TO DISMISS** |
| 8 | Plaintiffs, | |
| 9 | v. | Hearing Date: TBD<br>Time: TBD |
| 10 | DUA LIPA, | Dept.: 511 |
| 11 | JONATHAN LYNDALE KIRK ("DA BABY") D/B/A BABY JESUS PUBLISHING, | Judge: Honorable Katherine Polk Failla |
| 12 | BOSCO KANTE,<br>CLARENCE COFFEE, JR., | |
| 13 | SARAH HUDSON,<br>STEPHEN KOZMENIUK, | |
| 14 | EMI MUSIC PUBLISHING LTD.,<br>SONY MUSIC PUBLISHING (US) LLC, | |
| 15 | UNIVERSAL MUSIC CORPORATION, AND | |
| 16 | WARNER MUSIC CORP., Defendants. | |

Dear Judge Failla:

    Self represented litigant Bosco Kante hereby requests a conference in advance of filing his Rule 12(b) Motion to Dismiss; this is relief to which Plaintiffs do not consent and this is relief that has been granted to Defendants.

    Bosco Kante is a songwriter and musician who wrote, performed, and recorded his contribution to the song "Levitating" using the instrument he invented, the ElectroSpit Talkbox.  Mr. Kante did not play, perform, or authorize the use of the unprotectable descending melody referenced by Plaintiff.

## Rule 12(b)(5) - Insufficient Service of Process

Bosco Kante has not been served and accordingly Kante moves or intends to file a motion to dismiss pursuant to Rule 12(b)4.

The return of service filed by Plaintiffs on 7/5/22 alleges Bosco Kante was served at 740 Canyon Oaks Dr. APT F Oakland CA 94604, and that process server Len Warren "Left copies therof at the defendant's dwelling" with "Jane Doe, name: refused Relationship to defendant: Co-resident, Sex: F Age: 50 Height: 5'2'', weight: 130 skin: white  hair: brown".

Mr. Kante's dwelling's address is not "740 Canyon Oaks Dr. APT F Oakland CA 94604".  No co-resident fitting description listed on the 6/20/22 return of service was present 6/20/22 nor does one reside at Bosco Kante's dwelling.

Thus, service upon Bosco Kante is insufficient and Bosco Kante must be dismissed from this matter or in the alternative service must be quashed.

> "In the absence of valid service of process, proceedings against a party are void." Thomas v. New Leaders for New Sch., 278 F.R.D. 347, 350 (E.D. La. 2011) (quoting Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981))

Despite the foregoing, to avoid the unnecessary expense of serving the summons, should Plaintiff request a waiver of service in writing pursuant to Rule 4, Mr. Kante will sign and return the waiver within 30 days of receipt.

## Rule 12(b)(2) & 12(b)(3)- Lack of Personal Jurisdiction & Venue

Mr. Kante moves or intends to move to dismiss pursuant to Rule 12(b)(2) as the court lacks personal jurisdiction over Mr. Kante.  Kante is not a resident of, is not licensed to transact or does business in, nor has he personally and purposefully promoted and broadcasted the work in the Southern District of New York.

Furthermore, Mr. Kante moves or intends to move to dismiss pursuant to Rule 12(b)(3) Venue is NOT proper in the District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400 because Mr.Kante *cannot* be found in, and **does not** transact or *has not* transacted business in this District, and ***he has no direct knowledge of or participation in*** events and omissions that give rise to these claims alleged to have occurred in this District.

> "The party invoking the court's jurisdiction bears the burden of establishing that a defendant has the requisite minimum contacts with the forum state to justify the court's jurisdiction." Herman v. Cataphora, Inc., 730 F.3d 460,

464 (5th Cir. 2013) (citing Guidry v. U.S. Tobacco Co., Inc., 188 F.3d 619, 625 (5th Cir. 1999)). The plaintiff thus bears the burden of proving personal jurisdiction when a defendant raises the defense of lack of personal jurisdiction. Luv N' Care, Ltd. v. Insta–Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006).

Mr. Kante prays the court dismiss Mr. Kante for lack of personal jurisdiction and improper venue.

**F. Rule 12(b)(6) - Failure to State a Claim Upon Which Relief Can Be Granted**

This is an action for alleged copyright infringement. The Complaint alleges Dua Lipa's "2020 song 'Levitating' and its remix 'Levitating (Da Baby)' [(collectively, 'Levitating')] are substantially similar to and infringe upon Plaintiffs' copyrighted work." Id. ¶ 1. It also alleges the authors of "Levitating" copied "compositional elements substantially similar to those of" the compositions "Wiggle and Giggle All Night," recorded by Cory Daye in 1979 ("Wiggle") and "Don Diablo," recorded by Miguel Bosé in 1980 (together, the "LS Compositions"). Id. ¶¶ 2-3.

The "Levitating" writer Bosco Kante never heard the LS Compositions. The alleged similarities—a descending scale in which each pitch is repeated on evenly spaced notes[1], and a common clave rhythm—are unprotectible, and the result of the coincidental use of basic musical building blocks. But the Court need not reach these matters, because the Complaint fails to state a claim.

**ARGUMENT**

A pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

To allege copyright infringement, a complaint "must generally plead (1) the specific original works [that] are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights were registered in accordance with 17 U.S.C. § 411; and (4) the acts by which ... the defendant infringed the copyright." DigitAlb, Sh.a v. Setplex, LLC, 284 F. Supp. 3d 547, 554 (S.D.N.Y. 2018). With respect to the fourth element, a plaintiff must plausibly allege:., "[a] the defendant has actually copied the plaintiff's work; and ... [b] the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." Reece v. Marc Ecko Unltd., 2011 WL 4112071, at *6 (S.D.N.Y. Aug. 19, 2011), report adopted, 2011 WL 4069637 (S.D.N.Y. Sept. 9, 2011) (602 F.3d 57, 63 (2d Cir. 2010)).

Here, the Complaint fails under *Iqbal* for at least two separate reasons. First, the Complaint fails to plead plausible facts establishing that the author of "Levitating" copied the LS Compositions. Second, the Complaint fails to plead plausible facts that, if true, would establish "Don Diablo" was properly registered prior to suit or is exempt from registration.

**A. The Complaint Fails to Plausibly Plead the Essential Element of Copying**

"[A]bsent copying, there can be no infringement of copyright ...." 2 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 8.01[A] (2022). Copying is shown by: (1) direct evidence of copying or (2) circumstantial evidence that the defendants had access to the plaintiff's work, plus similarities probative of copying. *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d. Cir. 2003). Circumstantial evidence means "a particular chain of events" demonstrating the defendant's access, *Tomasini v. Walt Disney* Co., 84 F. Supp. 2d 516, 519 (S.D.N.Y. 2000), or facts indicating wide dissemination of the plaintiff's work, such that access can be inferred, *Webb v. Stallone*, 910 F. Supp. 2d 681, 686 (S.D.N.Y. 2012). The Complaint does not allege any direct evidence of copying. While Plaintiffs do attempt to plead access, these allegations also fail because, inter alia, Plaintiffs improperly conflate purported access to "Wiggle" with purported access to "Don Diablo."

*First*, the Complaint fails to plausibly allege a particular chain of events leading to access. Instead, the Complaint alleges that "Wiggle" and "Don Diablo" were both "published by labels that are now under Sony's umbrella," and that one of the publishers of "Levitating" is a Sony-affiliated company, Sony Music Publishing (US) LLC. However, "[b]are corporate receipt of [plaintiffs'] work, without any allegation of a nexus between the recipients and the alleged infringers, is insufficient to raise a triable issue of access." Jorgensen, 351 F. 3d at 53. **Furthermore, Mr. Kante has no direct affiliation or ownership in Sony Music Publishing and holds none of the works referenced.**

*Second*, the Complaint fails to allege wide dissemination of "Wiggle" and "Don Diablo." In order to plead wide dissemination, the plaintiff must allege its work "**saturat[ed]** a relevant market **in which both the plaintiff and the defendant participate[d]**." *Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016) (emphasis added). The Complaint is devoid of such allegations. With respect to "Wiggle," the Complaint merely alleges it achieved certain success in the Netherlands four decades ago. This does not establish "saturation," and there is no allegation that Mr. Kante was in the Netherlands at that time. With respect to "Don Diablo," the Complaint alleges it has been performed at certain times in Latin America; again, these allegations do not establish "saturation" or that the Mr. Kante participated in the Latin American market at the relevant times. *McRae v. Smith*, 968 F. Supp. 559, 563 (D. Co. 1997) (performances in Colorado and Wyoming insufficient to establish access where defendants were not in those States at the time).

*Third*, the Complaint alleges Defendants purportedly had access to "Wiggle" and "Don Diablo" because they both "can be found on popular streaming services."

However, there are many **millions** of musical recordings available on "streaming services," and the mere availability of recordings on those services does **not** establish wide dissemination. "As a matter of law, the fact that [a work is] posted on the internet is insufficient on its own to show 'wide dissemination.'" *Clanton v. UMG Recs.*, Inc., 556 F. Supp. 3d 322, 328 (S.D.N.Y. 2021).

**B. The Complaint Fails to Plead "Don Diablo" Is Registered or Exempt from Registration**

The Complaint fails to state a claim for infringement of "Don Diablo" because it does not allege "Don Diablo" was registered with the U.S. Copyright Office prior to the commencement of suit; nor does it allege "Don Diablo" falls within an exception to the registration requirement.

Under Section 411 of the U.S. Copyright Act, copyright registration is a "precondition to filing a claim" for copyright infringement for any "United States work." *Hartmann v. Google LLC*, 2022 WL 684137, at *5 (S.D.N.Y. Mar. 8, 2022) (citing *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010)). Thus, a complaint must either plead "that the copyrights were registered" or "allege exemption from § 411's registration requirement" on the basis that the allegedly infringed works at issue are not "United States works." *DigitAlb*, 284 F. Supp. 3d at 554 (dismissing copyright infringement claim for failing to comply with this very pleading requirement). A complaint that fails to do so must be dismissed. See, e.g., *id.*; *Swift Harvest USA, LLC v. Boley Int'l HK Ltd.*, 2020 WL 7380148, at *10 (C.D. Cal. Sept. 22, 2020); *UAB "Planner 5D" v. Facebook, Inc.*, 2019 WL 6219223, at *7 (N.D. Cal. Nov. 21, 2019); *Gajo v. Chicago Brand*, 2017 WL 2473142, at *2 (N.D. Cal. June 8, 2017).

Under Section 101 of the U.S. Copyright Act, "United States works" are defined as: (1) works first published in the United States; (2) works first published "simultaneously in the United States and another treaty party or parties whose law grants a term of copyright protection" as long or longer than that provided in the United States; (3) works first published simultaneously in the United States and a foreign nation that is not a treaty party; or (4) works first published in a foreign nation that is not a treaty party" where all of the authors of the work are "nationals, domiciliaries, or habitual residents" of the United States. 17 U.S.C. § 101.

Here, the Complaint fails to plead that the copyright in the composition "Don Diablo" was registered. And the Complaint fails to allege facts that would establish that "Don Diablo" is exempt from Section 411's registration requirement as a non-"United States work." Instead, the Complaint insufficiently alleges in ¶ 31 that "'Don Diablo' was published in Spain in 1980 by Discos CBS, S.A. ... 'Don Diablo' and its derivative works were subsequently distributed in more than dozen [sic] countries including the United States." Critically, however, **the Complaint fails to allege in which nation "Don Diablo" was first published (let alone how or when that publication occurred)**, or whether "Don Diablo" was simultaneously published in any other nation. Nor does the Complaint allege the nationality of the "Don Diablo" authors (indeed, it does not even

allege their names). Thus, the Complaint does not establish "Don Diablo" is a non-"United States work" exempt from the registration requirement.

If the court denies Mr. Kante's request for conference, Mr. Kante prays the court allow Mr. Kante to file a formal Motion to Dismiss, or in the alternative as a last resort consider this Mr. Kante's Motion to Dismiss so that he does not waive his rights.

If the court deems this a Motion to Dismiss, Self-represented litigant Bosco Kante hereby requests that the court enter an order dismissing case 22-cv-1872-KPF for cause under §12(b).

Respectfully submitted,

Dated: September 19th, 2022

By: Bosco Kante

_____s/Bosco Kante_____
Bosco Kante, *Plaintiff, In Pro Per*

**DECLARATION OF BOSCO KANTE**

I, BOSCO KANTE, declare as follows:

On information and belief, I have not been served in case 22-cv-1872-KPF.

My dwelling address is not "740 Canyon Oaks Dr. APT F Oakland CA 94604". No copies of the summons and complaint were left with me or any person at my dwelling. I do not have a 50 year old, white, 5'4", 130lb, female co-resident.

I am not a resident of, I am not licensed to transact or do business in, nor am I personally and purposefully promoting and broadcasting the work "Levitating" in the Southern District of New York.

Prior to August 2022, I had never heard "Wiggle Giggle" or "Don Diablo" and thus did not reference or copy it in writing "Levitating".

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on September 19th, 2022 at Oakland, California.

Dated: Sept 19th, 2022     By: _____s/Bosco Kante_____
                               Bosco Kante, *self-represented litigant*