UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARBALL PUBLISHING COMPANY, INC. and SANDY LINZER PRODUCTIONS, INC., <br><br>             Plaintiff, <br><br>    v. <br><br> DUA LIPA, JONATHAN LYNDALE KIRK ("DA BABY") D/B/A BABY JESUS PUBLISHING, CLARENCE COFFEE, JR., SARAH HUDSON, STEPHEN KOZMENIUK, SONY MUSIC PUBLISHING (US) LLC, UNIVERSAL MUSIC CORPORATION, and WARNER RECORDS INC., <br><br>             Defendants. | CASE NO. 22-CV-1872 |

## DEFENDANT WARNER RECORDS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT

Defendant Warner Records Inc. ("Warner"), by its undersigned counsel, answers the First Amended Complaint dated October 28, 2022 ("FAC") (ECF Doc. No. 51) of Plaintiffs Larball Publishing Company, Inc. and Sandy Linzer Productions, Inc. (collectively, "Plaintiffs") as follows:

### I.    PLAINTIFFS' PRELIMINARY STATEMENT[1]

1.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the FAC, and on that basis, denies said allegations.

2.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the FAC, and on that basis, denies said allegations.

---

[1] The headings of the FAC are included herein for convenience, and to the extent such headings contain any factual allegations to which a response is required, all such allegations are denied.

3.      Paragraph 3 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the FAC, and on that basis, denies said allegations.

4.      Paragraph 4 of the FAC does not assert a fact to which a response is required. To the extent a response is required, Warner lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the FAC, and on that basis, denies said allegations.

5.      Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the FAC, and on that basis, denies said allegations.

6.      Paragraph 6 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

7.      Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the FAC, and on that basis, denies said allegations.

8.      Paragraph 8 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

9.      Paragraph 9 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

10.      Paragraph 10 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

11.      Warner denies the allegations set forth in Paragraph 11 of the FAC.

12.      Paragraph 12 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

13.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and Footnote 1 of the FAC, and on that basis, denies said allegations.

14.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and Footnote 2 of the FAC, and on that basis, denies said allegations.

15.    Paragraph 15 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

16.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the FAC, and on that basis, denies said allegations.

17.    Warner admits that the link contained in Footnote 3 directs to an *Elle* article authored by Melissa Giannini, and refers to that article for the contents thereof.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and Footnote 3 of the FAC, and on that basis, denies said allegations.

18.    Warner admits that the link contained in Footnote 4 directs to an article posted on the website located at www.capitalfm.com, and refers to that article for the contents thereof. Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and Footnote 4 of the FAC, and on that basis, denies said allegations.

19.    Paragraph 19 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

20.     Paragraph 20 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

## II. JURISDICTION AND VENUE

21.     Paragraph 21 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

22.     Paragraph 22 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

23.     Paragraph 23 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

## III. THE PARTIES

### A.  Plaintiffs

24.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the FAC, and on that basis, denies said allegations.

25.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the FAC, and on that basis, denies said allegations.

26.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the FAC, and on that basis, denies said allegations.

27.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the FAC, and on that basis, denies said allegations.

28.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the FAC, and on that basis, denies said allegations.

29.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the FAC, and on that basis, denies said allegations.

30.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the FAC, and on that basis, denies said allegations.

31.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the FAC, and on that basis, denies said allegations.

32.     Paragraph 32 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the FAC, and on that basis, denies said allegations.

**B. Defendants**

33.     Warner admits that Defendant Dua Lipa ("Lipa") is a credited songwriter and performing artist of "Levitating" and "Levitating (featuring DaBaby)."  Except as expressly admitted, Warner denies the remaining allegations set forth in Paragraph 33 of the FAC.

34.     Warner admits that former defendant Jonathan Lyndale Kirk is a credited featured artist and songwriter on "Levitating (featuring DaBaby)."  Except as expressly admitted, Warner denies the remaining allegations set forth in Paragraph 34 of the FAC.

35.     Warner admits that Defendant Sarah Hudson is a credited songwriter of "Levitating" and "Levitating (featuring DaBaby)."  Except as expressly admitted, Warner denies the remaining allegations set forth in Paragraph 35 of the FAC.

36.     Warner admits that Defendant Stephen Kozmeniuk is a credited songwriter of "Levitating" and "Levitating (featuring DaBaby)."  Except as expressly admitted, Warner denies the remaining allegations set forth in Paragraph 36 of the FAC.

37.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the FAC, and on that basis, denies said allegations.

38.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the FAC, and on that basis, denies said allegations.

39.     Warner denies the allegations set forth in Paragraph 39 of the FAC, and avers that it is a Delaware corporation with a principal place of business at 777 South Santa Fe Avenue, Los Angeles, California 90021.

40.     Warner denies the allegations set forth in Paragraph 40 of the FAC.

## IV. FACTUAL ALLEGATIONS

### A.  "The 'Don Diablo' Litigation"

41.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the FAC, and on that basis, denies said allegations.

42.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the FAC, and on that basis, denies said allegations.

43.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 and Footnote 5 of the FAC, and on that basis, denies said allegations.

44.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the FAC, and on that basis, denies said allegations.

45.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the FAC, and on that basis, denies said allegations.

46.     Paragraph 46 of the FAC does not assert a fact to which a response is required. To the extent a response is required, Warner lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the FAC, and on that basis, denies said allegations.

47.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the FAC, and on that basis, denies said allegations.

48.     Paragraph 48 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the FAC, and on that basis, denies said allegations.

49.     Warner admits that the citation included in Footnote 6 purports to refer to a lawsuit filed by Larball Publishing Co. against CBS, Inc.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the FAC, and on that basis, denies said allegations.

50.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the FAC, and on that basis, denies said allegations.

51.     Paragraph 51 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the FAC, and on that basis, denies said allegations.

52.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the FAC, and on that basis, denies said allegations.

53.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the FAC, and on that basis, denies said allegations.

54.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the FAC, and on that basis, denies said allegations.

55.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the FAC, and on that basis, denies said allegations.

**B.  "The Original Works Are Popular and Widely Disseminated"**

56.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the FAC, and on that basis, denies said allegations.

57.    Warner admits that the link contained in Footnote 7 directs to a YouTube video entitled "MIGUEL BOSE Don diablo" and refers to that website for the contents thereof.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the FAC, and on that basis, denies said allegations.

58.    Warner denies the allegations set forth in Paragraph 58 of the FAC, except admits that "Levitating" was released in or around March 2020, and "Levitating (featuring DaBaby)" was released in or around October 2020.

59.    Paragraph 59 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

60.    Warner admits that the link contained in Footnote 8 directs to a YouTube video entitled "Dua Lipa – Garden [Album Visual] (Official Audio)" and refers to that website for the contents thereof.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the FAC, and on that basis, denies said allegations.

61.    Warner admits that the link contained in Footnote 9 directs to a YouTube video entitled "MIGUEL BOSE Don diablo" and refers to that website for the contents thereof.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in Paragraph 61 of the FAC, and on that basis, denies said allegations.

62.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the FAC, and on that basis, denies said allegations.

63.    Paragraph 63 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies the allegations set forth in Paragraph 63 of the FAC.

64.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the FAC, and on that basis, denies said allegations.

65.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the FAC, and on that basis, denies said allegations.

66.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the FAC, and on that basis, denies said allegations.

67.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the FAC, and on that basis, denies said allegations.

68.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the FAC, and on that basis, denies said allegations.

69.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the FAC, and on that basis, denies said allegations.

70.    Warner admits that the link contained in Footnote 11 directs to a YouTube video entitled "MIGUEL BOSÉ - Linda/ Don Diablo - Festival de Viña del Mar 2018 HD," and refers to that website for the contents thereof.  Except as otherwise admitted, Warner lacks knowledge

or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of the FAC, and on that basis, denies said allegations.

71.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the FAC, and on that basis, denies said allegations.

72.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of the FAC, and on that basis, denies said allegations.

73.     Warner admits that the link contained in Footnote 12 directs to a *Variety* article, and refers to that article for the contents thereof.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the FAC, and on that basis, denies said allegations.

74.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the FAC, and on that basis, denies said allegations.

75.     Warner admits that the link contained in Footnote 13 directs to a Facebook page, and refers to that website for the contents thereof.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the FAC, and on that basis, denies said allegations.

76.     Warner admits that the link contained in Footnote 14 directs to the landing page for the Latin Recording Academy and refers to the website for the contents thereof.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of the FAC, and on that basis, denies said allegations.

77.     Warner admits that José Balvin, Clarence Coffee, Jr., and Lipa are credited songwriters and performing artists on "Un Día (One Day)."  Warner lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 77 of the FAC, and on that basis, denies said allegations.

78.    Warner admits that the link contained in Footnote 15 directs to a YouTube video entitled "Dua Lipa feat. Pablo Alborán - Homesick (Los 40 Music Awards - Directo)" and refers to that website for the contents thereof. Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the FAC, and on that basis, denies said allegations.

79.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the FAC, and on that basis, denies said allegations.

80.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the FAC, and on that basis, denies said allegations.

81.    Warner admits that the links contained in Footnotes 16 and 17 direct to YouTube videos, and refers to those webpages for the contents thereof.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the FAC, and on that basis, denies said allegations.

82.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the FAC, and on that basis, denies said allegations.

83.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the FAC, and on that basis, denies said allegations.

84.    Paragraph 84 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

85.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 and Footnote 18 of the FAC, and on that basis, denies said allegations.

86.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 and Footnote 19 of the FAC, and on that basis, denies said allegations.

87.    Paragraph 87 of the FAC asserts a legal conclusion to which no response is required, and Footnote 20 of the FAC does not assert a fact to which a response is required.  To the extent a response is required, Warner denies said allegations.

88.    Warner denies the allegations set forth in Paragraph 88 of the FAC.

89.    Warner denies the allegations set forth in Paragraph 89 of the FAC.

90.    Paragraph 90 of the FAC does not assert a fact to which a response is required. To the extent a response is required, Warner denies said allegations.

91.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the FAC, and on that basis, denies said allegations.

92.    Warner denies the allegations set forth in Paragraph 92 of the FAC.

93.    Warner denies the allegations set forth in Paragraph 93 of the FAC.

**C.  "The Signature Melody is Beloved by Listeners and Recognized as Substantially Similar to the Original Works"**

94.    Warner denies the allegations set forth in Paragraph 94 of the FAC.

95.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the FAC, and on that basis, denies said allegations.

96.     Warner admits that the link contained in Footnote 21 directs to TikTok.com, and refers to that website for the contents thereof.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the FAC, and on that basis, denies said allegations.

97.     Warner admits that the link contained in Footnote 22 directs to a TikTok article entitled "Dua Lipa lands Levitating video with help from TikTok" dated October 2, 2020, and refers to that website for the contents thereof.  Warner lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Footnote 22, and on that basis, denies said allegations.  Warner further admits that the link contained in Footnote 23 directs to a YouTube video entitled "Dua Lipa – Levitating Featuring DaBaby (Official Music Video)," and refers to that website for the contents thereof.  Except as otherwise admitted, Warner denies the remaining allegations in Paragraph 97 of the FAC.

98.     Warner denies the allegations set forth in Paragraph 98 of the FAC.

99.     Warner denies the allegations set forth in Paragraph 99 of the FAC.

**D.  "Defendants Exploited the Infringing 'Levitating' Songs Without Authorization from Plaintiffs"**

100.    Warner admits that the link contained in Footnote 24 directs to a *Variety* article entitled "Dua Lipa on 'Future Nostalgia' as the Happy Album Fans Need 'Especially During This Time,'" and refers to that website for the contents thereof.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the FAC, and on that basis, denies said allegations.

101.    Warner admits that the link contained in Footnote 25 directs to a podcast called "Song Exploder," and refers to that podcast for the contents thereof.  Except as otherwise

admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the FAC, and on that basis, denies said allegations.

102.    Warner admits that the link contained in Footnote 26 directs to an article by Jon Freeman on *RollingStone* entitled "Dua Lipa's 'Future Nostalgia' Is the Disco Liberation Soundtrack We Need Now," and refers to the article for the contents thereof.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 of the FAC, and on that basis, denies said allegations.

103.    Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the FAC, and on that basis, denies said allegations.

104.    Warner admits that the link contained in Footnote 27 directs to a website on Billboard.com entitled "Billboard Hot 100," and refers to that website for the contents thereof. Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the FAC, and on that basis, denies said allegations.

105.    Warner admits Footnote 28, which refers to Footnote 6, purports to refer to a lawsuit filed by Larball Publishing Co. against CBS, Inc.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the FAC, and on that basis, denies said allegations.

106.    Warner admits that the link contained in Footnote 29 directs to an article on Billboard.com entitled "Dua Lipa on Soundtracking Kitchen Dance Parties & Why Quarantine Taught Her 'We Don't Need to Live Life So Fast,'" and refers to that article for the contents

thereof.  Except as otherwise admitted, Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the FAC, and on that basis, denies said allegations.

107.    Warner refers to the copyright registration for "Break My Heart" for the content thereof and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the FAC, and on that basis, denies said allegations.

108.    Warner denies that any "authorization" was required for "Wiggle and Giggle All Night" and "Don Diablo" and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the FAC.

109.    Paragraph 109 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

110.    Paragraph 110 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

111.    Paragraph 111 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies said allegations.

**E.  "Plaintiffs' Actions to Protect Their Copyright and Defendants' Ongoing Infringement"**

112.    Warner denies the allegations set forth in Paragraph 112 of the FAC.

113.    Warner denies the allegations set forth in Paragraph 113 of the FAC.

114.    Warner denies the allegations set forth in Paragraph 114 of the FAC because no infringement occurred.

115.    Warner denies the allegations set forth in Paragraph 115 of the FAC because no infringement occurred.

116.     Warner denies the allegations set forth in Paragraph 116 of the FAC.

## COUNT ONE
## (DIRECT, CONTRIBUTORY, AND VICARIOUS COPYRIGHT INFRINGEMENT)

117.     Warner lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117 of the FAC, and on that basis, denies said allegations.

118.     Paragraph 118 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner denies that any "permission" was required from Plaintiffs.

119.     Paragraph 119 of the FAC asserts a legal conclusion to which no response is required. To the extent a response is required, Warner denies said allegations.

120.     Paragraph 120 of the FAC asserts a legal conclusion to which no response is required. To the extent a response is required, Warner denies said allegations.

121.     Paragraph 121 of the FAC asserts a legal conclusion to which no response is required. To the extent a response is required, Warner denies said allegations.

122.     Paragraph 122 of the FAC asserts a legal conclusion to which no response is required. To the extent a response is required, Warner denies said allegations.

123.     Paragraph 123 of the FAC asserts a legal conclusion to which no response is required. To the extent a response is required, Warner denies said allegations.

124.     Paragraph 124 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner admits that Plaintiffs purport to seek certain relief, and denies that Plaintiffs are entitled to any relief whatsoever.

125.    Paragraph 125 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner admits that Plaintiffs purport to seek certain relief, and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT TWO
## (DECLARATORY AND INJUNCTIVE RELIEF)

126.    Paragraph 126 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner admits that Plaintiffs purport to seek certain relief, and denies that Plaintiffs are entitled to any relief whatsoever.

127.    Paragraph 127 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner admits that Plaintiffs purport to seek certain relief, and denies that Plaintiffs are entitled to any relief whatsoever.

128.    Paragraph 128 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner admits that Plaintiffs purport to seek certain relief, and denies that Plaintiffs are entitled to any relief whatsoever.

## COUNT THREE
## (ACCOUNTING)

129.    Paragraph 129 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner admits that Plaintiffs purport to seek certain relief, and denies that Plaintiffs are entitled to any relief whatsoever.

130.    Paragraph 130 of the FAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Warner admits that Plaintiffs purport to seek certain relief, and denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiffs' burden of proof, or admitting that Warner has any burden of proof, Warner asserts the following affirmative and other defenses. Warner does not presently know all the facts and circumstances with respect to Plaintiffs' allegations, and thereby reserves the right to amend this Answer and the following affirmative and other defenses should it later discover facts demonstrating the existence of additional defenses.

### FIRST DEFENSE – Failure to State a Claim

1.      The FAC and any purported claims for relief therein fail to state a claim upon which relief can be granted.

### SECOND DEFENSE – Laches, Acquiescence, Consent and License

2.      The FAC and any purported claims for relief therein are barred, precluded, and or limited by the doctrines of laches, acquiescence, consent and express and/or implied license.

### THIRD DEFENSE – Estoppel

3.      The FAC and any purported claims for relief therein are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH DEFENSE – Waiver

4.      The FAC and any purported claims for relief therein are barred, in whole or in part, because Plaintiffs have, through their own actions, conduct, and failure to act, waived any right to relief.

### FIFTH DEFENSE – Copyright Misuse

5.      The FAC and any purported claims for relief therein are barred, in whole or in part, by the doctrine of copyright misuse.

### SIXTH DEFENSE – Lack of Subject Matter Jurisdiction

6.      The FAC and any purported claims for relief therein fail because Plaintiffs do not allege any case or controversy.

### SEVENTH DEFENSE – Standing

7.      Plaintiffs lack standing to the extent their claims are based on the alleged infringement of a work for which Plaintiffs do not (or did not) own the exclusive right to the copyright allegedly infringed at the time of the purported infringement.

### EIGHTH DEFENSE – Copyrightable Material

8.      The alleged copyrighted material that is the subject of the FAC does not constitute protectable copyrightable subject matter.

### NINTH DEFENSE – Ratification/Abandonment/Forfeiture

9.      The FAC and any purported claims for relief therein are barred, in whole or in part, by the doctrines of ratification, abandonment, and/or forfeiture.

### TENTH DEFENSE – No Damages

10.      The FAC and any purported claims for relief therein are barred, in whole or in part, because Plaintiffs have not suffered any damage or injury as a result of any act or conduct by Warner.

### ELEVENTH DEFENSE – Damages Too Speculative

11.      The FAC and any purported claims for relief therein are barred, in whole or in part, because damages sought are too speculative and remote.

### TWELFTH DEFENSE – Failure to Mitigate

12.      The FAC and any purported claims for relief therein are barred, in whole or in part, because Plaintiffs failed to mitigate any alleged damages.

### THIRTEENTH DEFENSE – Good Faith

13.    The FAC and any purported claims for relief therein are barred, in whole or in part, because Warner acted in good faith in its act or conduct relating to Plaintiffs, if any, and the allegations set forth in the FAC.

### FOURTEENTH DEFENSE – Bad Faith

14.    The FAC and any purported claims for relief therein are barred, in whole or in part, as a result of Plaintiffs' bad faith.

### FIFTEENTH DEFENSE – Unclean Hands

15.    The FAC and any purported claims for relief therein are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTEENTH DEFENSE – Statute of Limitations

16.    The FAC and any purported claims for relief therein are barred, precluded, and/or limited by the statute of limitations.

### SEVENTEENTH DEFENSE – Originality

17.    The alleged copyrighted works that are the subject of the FAC consist of material that is not original.

### NINETEENTH DEFENSE – Fair Use

18.    The FAC and any purported claims for relief therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiffs' allegedly copyrightable material constitutes fair use.

### TWENTIETH DEFENSE – De Minimis Use

19.    The FAC and any purported claims for relief therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiffs' allegedly copyrightable material constitutes *de minimis* use.

**<u>TWENTY-FIRST DEFENSE – Copyright Validity</u>**

20.     The FAC and any purported claims for relief therein are barred to the extent it or they are based on the alleged infringement of works for which: (i) valid and enforceable copyright registration certificates do not exist and/or (ii) the relevant certificates contain materially false and/or inaccurate information relating to the nature, ownership or chain of title to the works.

**<u>DEMAND FOR JURY TRIAL</u>**

Warner demands a jury trial on all claims and issues so triable.

**WHEREFORE**, Warner respectfully requests the Court to issue a judgment in its favor, order that Plaintiffs are not entitled to any relief on any of their claims, and order that Warner is entitled to a judgment in its favor, its reasonable attorneys' fees and full costs.

DATED:  New York, New York
        September 12, 2023

MITCHELL SILBERBERG & KNUPP LLP


By: /s/ Christine Lepera
    Christine Lepera (ctl@msk.com)
    Bradley Mullins (bym@msk.com)
    Elaine Nguyen (eln@msk.com)
    437 Madison Ave., 25th Floor
    New York, New York 10022-7001
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239

    Gabriella N. Ismaj (*pro hac vice*)
    (gan@msk.com)
    2049 Century Park East, 18th Floor
    Los Angeles, California 90067
    Telephone: (310) 312-2000
    Facsimile: (310) 312-3100

    *Attorneys for Defendants Dua Lipa,*
    *Clarence Coffee, Jr., Sarah Hudson,*
    *Stephen Kozmeniuk, Sony Music*
    *Publishing (US) LLC, Universal Music*
    *Corporation, and Warner Records Inc.*