UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARBALL PUBLISHING COMPANY, INC. and SANDY LINZER PRODUCTIONS, INC., <br><br>     Plaintiffs, <br>  v. <br><br> DUA LIPA, JONATHAN LYNDALE KIRK ("DA BABY") D/B/A BABY JESUS PUBLISHING, CLARENCE COFFEE, JR., SARAH HUDSON, STEPHEN KOZMENIUK, SONY MUSIC PUBLISHING (US) LLC, UNIVERSAL MUSIC CORPORATION, and WARNER RECORDS INC., <br><br>     Defendants. | CASE NO. 1:22-CV-01872-KPF <br><br><br> **[PROPOSED]** <br> **CIVIL CASE MANAGEMENT PLAN** <br> **AND SCHEDULING ORDER** |

   This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

**The Parties Agree on the Following:**

1.  All parties **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.  [*If all parties consent, the remaining paragraphs need not be completed. Instead, the parties shall submit to the Court a fully executed SDNY Form Consenting to Proceed for All Purposes Before a Magistrate Judge, available at the Court's website, https://nysd.uscourts.gov/hon-katherine-polk-failla, within three (3) days of submitting this Proposed Civil Case Management Plan and Scheduling Order.*]

2.  Settlement discussions **have not** taken place.

3.  The parties **have** conferred pursuant to Fed. R. Civ. P. 26(f).

4.  Discovery

  a.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

  b.  The parties are to discuss, if and as appropriate, provisions for the disclosure, discovery, or preservation of electronically stored information (ESI). Any

agreement reached between the parties concerning ESI is to be filed within 30 days from the date of this Order.

   c.   The parties are to discuss whether a procedure for designating materials as confidential is necessary in this matter. Any agreement between the parties for designating materials as confidential must conform to the Court's Individual Rules regarding the filing of materials under seal. Any confidentiality agreement between the parties is to be filed within 30 days from the date of this Order.

   d.   The parties are also to discuss protocols for asserting claims of privilege or of protection as trial-preparation material after such information is produced, pursuant to Federal Rule of Evidence 502. Any agreement reached between the parties concerning such protocols is to be filed within 30 days from the date of this Order.

5.   All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), which are available at https://nysd.uscourts.gov/hon-katherine-polk-failla.

6.   In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may submit a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet- and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three pages, within three business days after the request is received. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

7.   All counsel must meet in person for at least one hour to discuss settlement within 14 days following the close of fact discovery EXCEPT in cases brought as putative collective actions under the Fair Labor Standards Act, in which case counsel must meet to discuss settlement within 14 days following the close of the opt-in period.

8.   Alternative dispute resolution/settlement

   a.   **The Parties have not discussed alternative dispute resolutions.**

   b.   The use of any alternative dispute resolution mechanism does <u>not </u>stay or modify any date in this Order.

9.   Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.  Before filing a summary judgment motion, the moving party must

file a pre-motion submission pursuant to Section 4(A) of the Court's Individual Rules. The submission shall be filed within 30 days of the close of fact or expert discovery, whichever comes later.

10.     Similarly, any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, is to be filed within 30 days of the close of fact or expert discovery, whichever is later. Unless otherwise ordered by the Court, opposition to any such motion is to be filed two weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one week after service of any opposition.

11.     Unless otherwise ordered by the Court, within 30 days of the close of all discovery, or, if a dispositive motion has been filed, within 30 days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules, which paragraph identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

12.     If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules.

13.     Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial 30 days after the Joint Pretrial Order is filed.

14.     This case **is** to be tried to a jury.

15.     Counsel for the parties have conferred and the present best estimate of the length of trial is **2 weeks**.

## The Parties' Proposed Discovery Schedule

The parties propose that the Court enter a scheduling order that provides for an early focus on the core music issues in this case, *i.e.,* whether or not there are any probative substantial or striking similarities in the music at issue which constitute protectible expression. Similarities between musical elements cannot be proof of copying where they are "basic, non-protectible musical elements" common to other popular music compositions. *Tisi v. Patrick*, 97 F. Supp. 2d 539, 548 (S.D.N.Y. 2000). In other words, a "defendant is not liable for infringement even if he copies, if the copied material is not protectible." *McDonald v. Multimedia Entm't,* No. 90 Civ. 6356, 1991 WL 311921, at *2 (S.D.N.Y. July 19, 1991) (emphasis added).  While the Second Circuit has indicated in the past that the presence of "unlawful appropriation" (which encompasses the

protectibility inquiry) is a question to be answered by laypersons rather than experts, *see Arnstein*, 154 F.2d at 473, in more recent decisions, courts have relied on expert testimony to separate the protectible and non-protectible elements of a copyrighted work, *see Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986); *Velez v. Sony Discos*, 2007 U.S. Dist. LEXIS 5495, at *39 (S.D.N.Y. Jan. 16, 2007).

This Court of course has discretion to direct that discovery be conducted in separate phases, in order to conserve resources and minimize potentially unnecessary discovery. *Leveraged Leasing Admin. Corp. ex rel. Dweck v. Pacificorp Capital*, 87 F.3d 44, 49 (2d Cir. 1996). Judge Abrams ordered a similar phased schedule in a music copyright action in the past. *See, e.g.*, *New Old Music Group, Inc. v. Gottwald*, Case No. 13-cv-09013-RA (Dkt. No. 35).

Under this proposal as set forth below, all fact liability and any damages discovery would be bifurcated and deferred until a decision on an early summary judgment motion addressed to these music issues. This would conserve resources. The initial discovery phase would be focused solely on expert liability on the music issues. Expert testimony is appropriately considered in determining whether a particular musical element is or is not a probative similarity, because, for example, "it is so commonplace that it is not unlikely to arise [in] independently created works." *Velez v. Sony Discos*, No. 05 Civ. 0615 (PKC), 2007 U.S. Dist. LEXIS 5495, at *30 (S.D.N.Y. Jan. 16, 2007) (expert report demonstrated that use of consecutive eight-measure phrases in the structure of a composition was commonplace by listing 60 popular songs in a variety of genres that made use of the same structural device); *see also McDonald*, 1991 U.S. Dist. LEXIS 10649, at *5 ("Evidence admissible on the issue of 'probative similarity' includes expert testimony 'dissecting' the two works and discussing the works' relationships to other earlier works, for the purpose of illuminating whether similarities between the two works are more likely due to copying or independent creation."). Plaintiffs reserve the right to argue issues of estoppel based on any findings emanating from the case *Larball Publishing Co. v. CBS Inc.*, No. 83-cv-8329, (S.D.N.Y. 1987), which litigated issues involving some of the music at issue in this litigation, and Defendants reserve their right to respond accordingly.

The schedule proposed is as follows:

1. Plaintiff liability expert report(s) due on or before November 3, 2023.
2. Defendants' liability expert report(s) and rebuttal(s) due on or before December 22, 2023.
3. Liability expert depositions completed by February 2, 2024.

Following that phase the parties would enter into a briefing schedule for the aforesaid summary judgment motion. If necessary, following the adjudication of dispositive motion practice on these issues, the Parties would confer and propose to the Court a schedule for litigation of the remainder of the action.

The Parties agree that phased discovery would be the most economical and efficient way to conduct this litigation and are hopeful that the Court will allow us to proceed in this manner. Should the Court require more information, the Parties can brief the issue and/or make themselves available for a conference at the Court's convenience.

Counsel for the Parties:


/s/ Jason Travis Brown
_____

 Jason Travis Brown
 BROWN, LLC
 111 Town Square Place, Ste. 400
 Jersey City, NJ 07310
 P: (877) 561-0000
 F: (855) 582-5297
 E: jtb@jtblawgroup.com

 *Attorneys for Plaintiffs Larball Publishing
 Company, Inc., and Sandy Linzer
 Productions, Inc.*


/s/ Christine Lepera
_____

 Christine Lepera
 MITCHELL SILBERBERG & KNUPP, LLP
 437 Madison Avenue, 25th Floor
 New York, NY 10022
 P: (917) 546-7703
 F: (917) 546-7673
 E: ctl@msk.com

 *Attorneys for Defendants Dua Lipa, Clarence
 Coffee, Jr., Sarah Hudson, Stephen Kozmeniuk,
 Sony Music Publishing (US), LLC, Universal
 Music Corporation, and Warner Records, Inc.*

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

_____shall file a motion for_____no later than_____. Any opposition shall be filed by _____ and any reply shall be filed by_____. One courtesy copy of all motion papers, marked as such, shall be mailed or hand delivered to the Court by the movant at the time the reply is served. All courtesy copies should be three-hole punched, tabbed, and placed in binders as specified in the Court's Individual Rules.

The next pretrial conference is scheduled for_____at _____in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

By Thursday of the week prior to that conference, the parties shall file on ECF, and provide a courtesy copy, clearly marked as such, via e-mail (Failla_NYSDChambers@nysd.uscourts.gov) a joint letter, not to exceed three pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

(1) A statement of all existing deadlines, due dates, and/or cut-off dates;

(2) A brief description of any outstanding motions;

(3) A brief description of the status of discovery and of any additional discovery that needs to be completed;

(4) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

(5) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(6) A statement of whether the parties anticipate filing motions for summary judgment, including the basis of any such motion; and

(7) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and must be made no fewer than two business days prior to the expiration of the date sought to be extended.

      SO ORDERED.

_____
KATHERINE POLK FAILLA
United States District Judge

Dated: _____, 2023
      New York, New York